213-333, Mustafa of Alassady v. Bernard Foods Good afternoon, Your Honor. Mr. Sackman, Mayor of the Police Court. My name is Jason Esmond. I'm here on behalf of the plaintiff appellant, Mustafa Alassady. Your Honor, subject to any questions you may have, I do believe the brief states a pretty simplistic argument. And I would rest on my brief, subject to any questions you may have. I don't believe the court would have any. You can stand on your brief. Thank you, Counsel. Thank you. Are you standing on yours? May it please the Court. My name is Jeremy Sackman. I'm here on behalf of Berner. There are a couple of issues I wanted to raise. One of the issues raised by Counsel's predecessor is a fairly interesting issue as to whether or not the Open Records Act applies in this case. And we argue that it does not apply for several reasons. The Open Records Act allows an employee to request records, written records, that were used to evaluate his performance, to evaluate a termination. In this case, we presented testimony from several witnesses that the petitioner was involved in an infraction that day. There was an argument, and he was terminated. So he asked for the records in his personnel file regarding the termination. There were no such records. Everybody testified that there were no such records. We had four people testify regarding this infraction. Petitioner allowed each one of those people to testify. At the end of their testimony, he made no motion to strike any of their testimony. And then after proofs were closed for the first time, he raises an issue regarding whether or not their testimony now should be barred. So now you have a waiver objection. He absolutely waived it. But aside from that, isn't there another legal basis that his point is not well taken? Yeah, absolutely. And what is that? Well, I think, first of all, I don't think that this provision or this Act applies to a situation where the termination is not the main issue. It only applies to situations where the termination is an issue. But more importantly, the relief that he's requesting isn't listed as relief in the statute. The statute only says that if there is a document and that document isn't produced when the records are requested, then that document can't be used. Precisely. What the Personnel Review Act does not require, from what I can understand, is an affirmative duty on the part of the employer to create a record in the first place. Exactly. So if it doesn't exist, the Act clearly is inapplicable. That's exactly right. So what's your next point? That was the first point. That goes to his legal argument. The remainder is the manifest way to the argument regarding the facts in this case. You can read the arbitrator's decision. He goes through, details the arguments on both sides. There's a lengthy finding of fact. The bottom line is he didn't find the petitioner credible. He found the four witnesses who testified on behalf of the respondent to be credible. The arbitrator and the commission's provision is to determine credibility. They both found against the petitioner. The decision is not contrary to the manifest way to the evidence. Thank you for your time. Thank you, counsel. No longer resting on your brief? Yes, I will. I'll rest on my brief. Unless you have any questions you'd like to ask me. Okay. Thank you, counsel. Thank you. Thank you, counsel, both, for your argument. And this matter will be taken under advisement on this issue. The court will stand at brief recess.